IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                    ORDER
                        Plaintiff,

                                                              07-cr-163-bbc
          v.

JARRETT JAMES,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Jarrett James has filed objections to the May 30, 2008 report issued by the United States Magistrate Judge, in which he recommended dismissal of defendant's motion to suppress the evidence recovered from a search of a safe belonging to defendant. Defendant takes issue with the magistrate judge's determination that it was constitutional for the Middleton police to seize defendant's safe from his mother's home without defendant's knowledge or consent. In addition, he notes that in the magistrate judge's report he took into consideration information contained in a search warrant affidavit that was not introduced in evidence.

I see no harm in the magistrate judge's discussion of the search warrant application; the information in the application and affidavit did not bear on any issue critical to the

1

magistrate judge's decision.  It bore only on why the police thought defendant might be a suspect in the two bank robberies it was investigating.

The only question to be decided in determining the constitutionality of the seizure of the safe is whether that seizure violated any possessory interest of defendant.  Clearly, it did not.  The safe was at defendant's mother's house; defendant had left it behind when he took off for Nebraska.  Defendant's mother invited the police to come in and take the safe because her son had told her he had left a gun in the safe and she wanted the gun out of her house.

Defendant's privacy interests were protected by the search warrant that the police obtained before opening the safe and examining the contents.  Therefore, I can see no basis for rejecting the magistrate judge's recommendation to deny defendant's motion to suppress. As both the government and the magistrate judge point out, the case cited by defendant, United States v. Basinski, 226 F.3d 829 (7th Cir. 2000), applies to searches of the contents of a container and not to seizures of the containers.

ORDER

IT IS ORDERED that the United States Magistrate Judge's recommendation to deny defendant James Jarrett's motion to suppress the evidence obtained from the safe he left with

his mother is ADOPTED.  The motion is DENIED.

Entered this 6th day of June, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3