IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)   Case No.   07-CR-163<br>JARRETT M. JAMES,   )<br>)<br>Defendants.   ) | |

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1. On June 18, 2008, a jury found the defendant Jarrett M. James guilty of Counts 1-4 of the indictment.

2. The government sought forfeiture of a 2000 Lexus ES 300, vehicle identification number JT8BF 28GXY5085768, by virtue of the commission of the offense charged in Count 3, pursuant to Title 18 United States Code, Section 981 (a)(1)(C), and Title 28, United States Code, Section 2461.

3. On July 7, 2008, the Court determined that the United States established the requisite nexus between the 2000 Lexus ES 300, vehicle identification number JT8BF 28GXY5085768, and the offense in Count 3 committed by the defendant.

IT IS THEREFORE ORDERED:

1. That based upon this Court's July 7, 2008 Order, the following property is

hereby forfeited to the United States of America, pursuant to Title 18, United States Code, Section 981 (a)(1)(C); Title 28, United States Code, Section 2461; and Rule 32.2(b) of the Federal Rules of Criminal Procedure:

    a.    one 2000 Lexus ES 300, vehicle identification number JT8BF28GXY5085768

    2.    The United States Marshals Service is directed to seize and take custody of the above-referenced property.

    3.    Pursuant to 21 U.S.C. § 853(n)(1), incorporated by reference in 28 U.S.C. §2461, the United States shall publish at least once for three successive weeks in a newspaper of general circulation: (1) notice of this order; (2) notice of intent to dispose of the property in such a manner as the Attorney General may direct; and (3) notice that any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, and interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4. Upon adjudication of any and all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

ORDERED this 16th day of July 2008.

*Barbara B. Crabb*
BARBARA B. CRABB
Chief United States District Judge

3